**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1728**

JAVON S. JONES,

             Plaintiff - Appellant,

      v.

UNITEDHEALTH GROUP, INC.,

             Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:17-cv-03500-JKB)

Submitted:  March 25, 2020                    Decided:  April 21, 2020

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Corlie McCormick, Jr., MCCORMICK LAW FIRM, LLC, Annapolis, Maryland, for Appellant.   Donald E. English, Jr., Mary M. McCudden, JACKSON LEWIS P.C., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Javon S. Jones appeals from the district court's order granting summary judgment to her former employer United Health Group Incorporated, alleging retaliation, constructive discharge and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2018) (Title VII). Jones's complaint asserted that various retaliatory actions by United Health constituted a constructive discharge, resulting in her resignation. We affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Smith v. Gilchrist*, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Seremeth v. Bd. of Cty. Comm'rs Frederick Cty.*, 673 F.3d 333, 336 (4th Cir. 2012). In determining whether a genuine issue of material fact exists, we view the facts, and draws all reasonable inferences therefrom, in the light most favorable to the non-moving party. *See Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011).

To defeat summary judgment, however, a plaintiff must present sufficient evidence to allow reasonable jurors to find she has proven her claims by a preponderance of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). To accomplish this task, a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, to avoid summary judgment, a plaintiff "must

rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

First, Jones asserts that United Health retaliated against her for filing a discrimination complaint by changing an agreement not to require Jones to work with a co-worker ("D.U.") who allegedly harassed her. To state a retaliation claim, a plaintiff must allege that she engaged in protected conduct, that she suffered an adverse employment action, and that a causal link exists between the protected conduct and the adverse action. *See Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). If a plaintiff puts forth sufficient evidence to establish a prima facie case of retaliation and the employer offers a non-retaliatory explanation for the adverse employment action, the burden shifts back to the plaintiff to "persuad[e] the factfinder that the employer's proffered explanation is merely a pretext for [retaliation]." *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 203 (4th Cir. 2016). To satisfy the pretext prong of a Title VII retaliation claim, the plaintiff bears the ultimate burden of establishing that her protected activity was a "but-for" cause of the adverse action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

When Jones initially complained of harassment, United Health investigated and found the complaint unsupported. However, Jones's supervisor, Robin Christman, offered Jones a new work area, further away from D.U., and stated that Jones would not have to work with him. Sometime later, Jones's new supervisor, Robin Robertson, directed Jones to work on a project with D.U. When Jones objected, Robertson found another coworker

to work with Jones, but noted that Jones might be required to work with D.U. in the future, should business needs require it.

Jones contends that United Health failed to provide a legitimate, non-discriminatory basis for its decision to change the "agreement."[*] However, as the district court noted, United Health merely reserved the right to change the agreement in the future, if "business needs arise," noting that Jones's underlying complaint was found to be unsubstantiated. While this reason is vague, Jones was never actually required to work with D.U. Had she been so required, United Health would likely have been required, and presumably would have been more able, to provide more specific reasoning as to why its business needs necessitated a change in the prior agreement.

Next, Jones asserts that she provided sufficient evidence of pretext. First, she claims that Robertson's assertion that she did not know of Jones' prior complaint when she assigned Jones and D.U. to work together was false. In support, Jones relies on Christman's testimony that she informed Robertson of the complaint. However, the cited testimony, while describing such a conversation, does not state the date. Moreover, this evidence is irrelevant as Jones only asserts on appeal that Robertson improperly changed the agreement, which happened after Robertson indisputably became aware of the prior complaints.

---

[*] The record reveals that this "agreement" was an informal oral discussion, rather than a negotiated settlement.

Second, Jones contends that the change to the agreement occurred close in time to a racial discrimination complaint Jones filed concerning a Corrective Action Process ("CAP") in which she was placed and that United Health provided no reason why business needs had changed. Again, however, United Health only stated that business needs *might* require the two to work together sometime in the future. Thus, United Health was not alleging that business needs had changed at the time it informed Jones, but instead was merely stating that such might happen in the future. Thus, Jones's contention that United Health failed to explain why it failed to return to the original agreement to separate the employees, is misleading, because the original agreement was never violated. Moreover, aside from the proximity in time, Jones has provided no evidentiary support for the conclusion that her discrimination complaint was the "but-for" cause of any change to the agreement. *See Gibson v. Geithner*, 776 F.3d 536, 541 (8th Cir. 2015) (holding that, while proximity can establish a prima facie case of causation, it is insufficient to alone establish pretext). Accordingly, the district court properly granted summary judgment on this claim.

Jones next contends that she presented sufficient evidence of pretext to avoid summary judgment on her claim that her CAP was retaliation for her complaints about a work-at-home policy. Jones relies on the following: (1) temporal proximity between her complaints and the CAP; (2) Jones was not placed on a CAP after her January 2016 review, and there was no evidence of changed circumstances (aside from the telework complaint); and (3) allegations that Robertson's testimony was not credible. We conclude that Jones has failed to present evidence sufficient to avoid summary judgment.

5

First, as discussed above, temporal proximity, without more, does not support a finding of pretext. Next, Jones ignores the content of her January 2016 review and the evidence of her behavior the next couple of months. Jones was explicitly told in her January 2016 review that she needed to spend less time on the internet. Despite being provided the opportunity to comment, Jones did not dispute that this was an issue. Once Jones received the review, she officially transferred to Robertson's group, but Robertson did not notice any improvement and, in fact, noted that Jones was often gone from her desk and making personal calls. In addition, human resources received two anonymous complaints about Jones's excessive cellphone and personal internet use. Thus, contrary to Jones's contentions, there was a logical reason why her behavior did not require a CAP in January, but did in March. Simply, Jones was given a chance to improve, but she did not. In fact, Jones admitted in her deposition that, even in response to the CAP, she did not change her behavior because she denied any performance issues.

Finally, Jones asserts that Robertson was not credible in her assessment of Jones's internet use. However, there is no evidence in the record to support this conclusion other than Jones's speculation, which by itself cannot defeat a motion for summary judgment. *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Finally, Jones challenges the district court's conclusion that she failed to make a prima facie showing that she was constructively discharged. "[A]n employee's reasonable decision to resign because of unendurable working conditions is assimilated to a formal discharge for remedial purposes." *Penn. State Police v. Suders*, 542 U.S. 129, 141 (2004). To establish a constructive discharge claim, a plaintiff must show that she was

6

discriminated against by her employer to the point where a reasonable person in her position would have "felt compelled to resign" and that she actually resigned. *Green v. Brennan*, 136 S. Ct. 1769, 1776-77 (2016). "Unless conditions are beyond 'ordinary' discrimination, a complaining employee is expected to remain on the job while seeking redress." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 193 (4th Cir. 2019) (internal quotation marks omitted) (noting that important factor is frequency of discrimination). "[D]issatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign[,]" however. *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 187 (4th Cir. 2004) (internal quotation marks omitted).

Jones asserts that the following constituted constructive discharge: placement on a CAP, a requirement that she needed to work with her harasser, improperly strict construction of the work-at-home policy, and the fact that white employees were allegedly treated differently with regard to these policies. We find that these allegations are insufficient to avoid summary judgment. First, the CAP did not affect Jones's workload, assignments, or benefits. Second, she was never actually required to work with her harasser. Third, the evidence in the record does not support the conclusion that the work-at-home policy was applied in a discriminatory manner, but even if it was, the requirement to work in the office is not objectively intolerable. Finally, preferential treatment of white employees would certainly be upsetting, unfair, and highly improper, but, without more, such allegations cannot be the basis of a constructive discharge claim. *See Evans*, 936 F.3d at 193 (explaining that a "plaintiff must show 'something more' than

7

the showing required for a hostile work environment claim" to support a constructive discharge claim (citation omitted)); *cf. Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1132 (4th Cir. 1995) (subjecting the plaintiff to "almost daily" racial epithets raised a question of fact regarding whether plaintiff's working conditions were sufficiently "intolerable" to support a constructive discharge claim).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*